# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF NEW YORK

--------------------------------------------------------------------------X

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, and CERTAIN LONDON MARKET INSURANCE COMPANIES,

|  |  |
|---|---|
| Plaintiffs, | **SUMMONS** |
| | Index No.: |
| v. | Date filed: March 4, 2024 |

BASF CORPORATION, as alleged successor-in-interest of Ciba-Geigy Corporation, Ciba Corporation, and/or Ciba Specialty Chemicals Corporation, INSURANCE COMPANY OF NORTH AMERICA, CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, HDI GLOBAL INSURANCE COMPANY, HDI GLOBAL SE, ACE AMERICAN INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a Aetna Casualty and Surety Company), ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, FIRST STATE INSURANCE COMPANY, AIU INSURANCE COMPANY, MUNICH REINSURANCE AMERICA, INC. (f/k/a American Re-Insurance Company), LEXINGTON INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY (as successor-in-interest to Northbrook Excess and Surplus Insurance Company), AXA GROUP AG, AXA INSURANCE COMPANY, ZURICH INTERNATIONAL (Bermuda) LIMITED, ALLIANZ VERSICHERUNGS-AG, EVEREST REINSURANCE COMPANY (f/k/a Prudential Reinsurance Company), TIG INSURANCE COMPANY, as successor-in-interest by merger of Mt. McKinley Insurance Company (f/k/a Gibraltar Casualty Company), TWIN CITY FIRE INSURANCE COMPANY, NEW ENGLAND REINSURANCE CORPORATION, NATIONAL CASUALTY COMPANY, EMPLOYERS MUTUAL CASUALTY COMPANY, GRANITE STATE INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, INTERSTATE FIRE & CASUALTY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, RSA INSURANCE GROUP LIMITED, WESTPORT INSURANCE CORPORATION, and JOHN DOE INSURERS 1 – 50,

Defendants.

--------------------------------------------------------------------------X

1

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer on Plaintiffs' attorneys within 20 days after service of the Summons, exclusive of the day of service (or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

The basis of the venue designated is CPLR § 503(a), as a substantial part of the events or omissions giving rise to the claims occurred within New York County and certain defendants maintain a principal place of business in New York County.

Dated:  New York, New York
        March 4, 2024

                                        MENDES & MOUNT, LLP

                    By:     _____
                                        Matthew B. Anderson
                                        Alexander M. Tait
                                        750 Seventh Avenue
                                        New York, New York 10019
                                        (212) 261-8000
                                        *Attorneys for Plaintiffs*
                                        *Certain Underwriters at Lloyd's, London,*
                                        *and Certain London Market Insurance*
                                        *Companies*

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF NEW YORK

-----------------------------------------------------------------------X

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, and CERTAIN LONDON MARKET INSURANCE COMPANIES,

Index No.:

Date filed: March 4, 2024

Plaintiffs,

v.

BASF CORPORATION, as alleged successor-in-interest of Ciba-Geigy Corporation, Ciba Corporation, and/or Ciba Specialty Chemicals Corporation, INSURANCE COMPANY OF NORTH AMERICA, CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, HDI GLOBAL INSURANCE COMPANY, HDI GLOBAL SE, ACE AMERICAN INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a Aetna Casualty and Surety Company), ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, FIRST STATE INSURANCE COMPANY, AIU INSURANCE COMPANY, MUNICH REINSURANCE AMERICA, INC. (f/k/a American Re-Insurance Company), LEXINGTON INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY (as successor-in-interest to Northbrook Excess and Surplus Insurance Company), AXA GROUP AG, AXA INSURANCE COMPANY, ZURICH INTERNATIONAL (Bermuda) LIMITED, ALLIANZ VERSICHERUNGS-AG, EVEREST REINSURANCE COMPANY (f/k/a Prudential Reinsurance Company), TIG INSURANCE COMPANY, as successor-in-interest by merger of Mt. McKinley Insurance Company (f/k/a Gibraltar Casualty Company), TWIN CITY FIRE INSURANCE COMPANY, NEW ENGLAND REINSURANCE CORPORATION, NATIONAL CASUALTY COMPANY, EMPLOYERS MUTUAL CASUALTY COMPANY, GRANITE STATE INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, INTERSTATE FIRE & CASUALTY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, RSA INSURANCE GROUP LIMITED, WESTPORT INSURANCE CORPORATION, and JOHN DOE INSURERS 1 – 50,

**COMPLAINT**

Defendants.

-----------------------------------------------------------------------X

1

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Plaintiffs, Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies (collectively "London Insurers") (as more fully identified in *Ex. A*), by their attorneys, for their Complaint against defendants, BASF CORPORATION, as alleged successor-in-interest of Ciba-Geigy Corporation, Ciba Corporation, and/or Ciba Specialty Chemicals Corporation, INSURANCE COMPANY OF NORTH AMERICA, CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, HDI GLOBAL INSURANCE COMPANY, HDI GLOBAL SE, ACE AMERICAN INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a Aetna Casualty and Surety Company), ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, FIRST STATE INSURANCE COMPANY, AIU INSURANCE COMPANY, MUNICH REINSURANCE AMERICA, INC. (f/k/a American Re-Insurance Company), LEXINGTON INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY (as successor-in-interest to Northbrook Excess and Surplus Insurance Company), AXA GROUP AG, AXA INSURANCE COMPANY, ZURICH INTERNATIONAL (Bermuda) LIMITED, ALLIANZ VERSICHERUNGS-AG, EVEREST REINSURANCE COMPANY (f/k/a Prudential Reinsurance Company), TIG INSURANCE COMPANY, as successor-in-interest by merger of Mt. McKinley Insurance Company (f/k/a Gibraltar Casualty Company), TWIN CITY FIRE INSURANCE COMPANY, NEW ENGLAND REINSURANCE CORPORATION, NATIONAL CASUALTY COMPANY, EMPLOYERS MUTUAL CASUALTY COMPANY, GRANITE STATE INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, INTERSTATE FIRE & CASUALTY COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, RSA INSURANCE GROUP LIMITED, WESTPORT INSURANCE CORPORATION, and JOHN DOE INSURERS 1 – 50, (collectively, "Defendants"), allege as follows:

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## NATURE OF THE ACTION

1.      This is an action seeking declaratory relief under CPLR § 3001 as to the rights and obligations of the London Insurers, who severally subscribed, each to their own several share and not for another, to proportionate shares of certain excess general liability insurance policies of Ciba-Geigy Corporation incepting between April 1, 1976 and April 1, 1986 (the "London Policies").

2.      BASF Corporation ("BASF") has been named as a defendant, individually, and as alleged successor-in-interest of Ciba-Geigy Corporation, Ciba Corporation, and/or Ciba Specialty Chemicals Corporation (collectively, "Ciba"), in numerous lawsuits filed in New York and other states related to Ciba's historic design, manufacturing, marketing, and sale of Lodyne, a chemical component of military and commercial fire-fighting foam known as Aqueous Film-Forming Foam ("AFFF"). Specifically, these lawsuits (the "AFFF Suits") involve both bodily injury and property damage claims and seek damages allegedly resulting from the release of Lodyne-containing AFFF into the environment. Certain claimants allege pollutants released into the environment from Lodyne-containing AFFF polluted their drinking water systems, and they seek remediation thereof. Other claimants have alleged Lodyne-containing AFFF released into the environment has caused pollution to groundwater and damaged their property and/or caused bodily injuries. Additionally, certain other claimants allege they were either military or civilian firefighters and incurred bodily injury as a result of exposure to pollutants released from Lodyne-containing AFFF into the environment.

3.      BASF has demanded that the London Insurers defend and indemnify BASF in the AFFF Suits under the London Policies.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

4.      BASF has further advised that it is seeking immediate coverage under the first excess layer policies issued from 1976 through policies ending in 1986 of the Insurance Company of North American, Central National Insurance Company of Omaha, and HDI Global SE.

5.      In addition, BASF seeks coverage under the insurer defendants' respective other 1976 to 1986 excess insurance policies.

6.      Upon information and belief, BASF has also provided notice to its December 31, 2007 to December 31, 2008 "claims made" insurance policies of the AFFF Suits.

7.      Based upon the terms and conditions of the London Policies, there is no defense or indemnity coverage available to BASF for the AFFF Suits.

## PARTIES

8.      Plaintiffs, Certain Underwriters at Lloyd's, London are members of insurance syndicates that have historically engaged in insurance underwriting through the Lloyd's insurance market.

9.      Plaintiffs, Certain London Market Companies are all foreign corporations that historically placed insurance in the London insurance market. Specifically, the London Market Companies are Catalina Worthing Insurance Ltd. F/K/A HFPI (as Part VII Transferee of Excess Insurance Company Ltd. and/or London & Edinburgh Insurance Company (as Successor to London & Edinburgh General Insurance Company Ltd.); Cavello Bay Reinsurance Limited as successor by merger to Harper Insurance Limited (formerly known as Turegum Insurance Company) and as successor in interest to the rights and liabilities of Brittany Insurance Company Limited; Darag Deutschland AG, formerly known as Darag Deutsche Versicherungs-Und Rückversicherungs-AG, as successor in interest to AG Insurance SA/NV, formerly known as AG De 1830 Compagnie Belge; INSCO Ltd. in its own capacity and as successor to Britamco Ltd.

4

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

("INSCO"); River Thames Insurance Company Limited in its own right and as successor in interest to Unionamerica Insurance Company Limited (which in turn is statutory successor in interest to certain business of St. Paul Travelers Insurance Company Limited, formerly known as St. Katherine Insurance Company Limited and St. Katherine Insurance Company PLC); and Tenecom Limited (formerly known as Yasuda Fire & Marine Insurance Company (U.K.) Ltd and as successor to Winterthur Swiss Insurance Company formerly known as Accident & Casualty Insurance Company Of Winterthur).

10.      Certain Underwriters at Lloyd's, London and Certain London Market Companies severally subscribed, each to their own several share and not for another, to proportionate shares of the following London Policies of Ciba-Geigy Corporation under which BASF presently seeks insurance coverage (these policies, collectively with the policies detailed in paragraphs 11 and 12, are referred to as the "London Policies"):

| Policy Number | Policy Period |
|---|---|
| UHL0586 | 4/1/1976 - 4/1/1977 |
| UJL1058 | 4/1/1977 - 4/1/1978 |
| UJL1059 | 4/1/1977 - 4/1/1978 |
| UKL0561 | 4/1/1978 - 4/1/1979 |
| UKL0562 | 4/1/1978 - 4/1/1979 |
| ULL0509 | 4/1/1979 - 4/1/1980 |
| ULL0510 | 4/1/1979 - 4/1/1980 |
| UMP0252 | 4/1/1980 - 4/1/1981 |
| UMP0253 | 4/1/1980 - 4/1/1981 |
| UNP0139 | 4/1/1981 - 4/1/1982 |
| UNP0140 | 4/1/1981 - 4/1/1982 |
| KY011082 | 4/1/1982 - 4/1/1983 |
| KY011182 | 4/1/1982 - 4/1/1983 |
| KY042983 | 4/1/1983 - 4/1/1986 |
| KY043083 | 4/1/1983 - 4/1/1984 |
| PY211684 | 4/1/1984 - 4/1/1985 |

11.      BASF has asserted it is entitled to coverage under three excess policies of insurance issued by Excess Insurance Company Ltd. to Ciba.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

12.     BASF has asserted it is entitled to coverage under three excess policies of insurance issued by INSCO to Ciba.

13.     Ciba-Geigy Corporation, a New York corporation, maintained its headquarters at 444 Sawmill River Road, Ardsley, N.Y. 10502, during the London Policies' respective policy periods.

14.     BASF alleges it is the successor-in-interest of Ciba-Geigy Corporation, Ciba Corporation, and/or Ciba Specialty Chemicals Corporation.

15.     BASF is a Delaware corporation with its principal place of business in New Jersey and it regularly conducts business in New York.

16.     Ciba and BASF historically sold their Lodyne product in New York.

17.     BASF alleges it faces certain liabilities associated with the AFFF Suits as a result of it being the alleged successor-in-interest of Ciba-Geigy Corporation, Ciba Corporation, and/or Ciba Specialty Chemicals Corporation.

18.     Insurance Company of North America ("INA") is a Pennsylvania corporation with its principal place of business in Pennsylvania. I.N.A. issued various excess insurance policies to Ciba-Geigy Corporation that were in effect from April 1, 1977 to April 1, 1986. Upon information and belief, INA's underwriting of the subject policies occurred in New York during the relevant time period, with at least one policy listing INA's address as 79 John Street, New York, New York 10038.  Upon information and belief, BASF seeks coverage for the AFFF Suits under the policies issued by INA:

| Policy Number | Policy Period |
|---------------|---------------|
| XCP12380 | 4/1/1977 – 4/1/1978 |
| XCP14316 | 4/1/1978 – 4/1/1979 |
| XCP14305 | 4/1/1979 – 4/1/1980 |
| XCP143752 | 4/1/1980 – 4/1/1981 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

| | |
|---|---|
| XCP144038 | 4/1/1981 – 4/1/1982 |
| XCP144554 | 4/1/1982 – 4/1/1983 |
| XCP144296 | 4/1/1983 – 4/1/1984 |
| XCP145296 | 4/1/1984 – 4/1/1985 |
| XCPG0313347-3 | 4/1/1985 – 4/1/1986 |

19.    Central National Insurance Company of Omaha ("Central National") was a Nebraska corporation with its principal place of business in Nebraska. Central National issued an excess insurance policy, CNU127345, to Ciba-Geigy Corporation that was in effect during the period of April 1, 1976 to April 1, 1977.  Upon information and belief, BASF seeks coverage for the AFFF Suits under this policy.

20.    Upon information and belief, HDI Global Insurance Company ("HDI") is a corporation organized under the laws of Illinois, with its principal place of business located in Hannover, Germany. HDI is the successor-in-interest to those policies issued by Haftpflichtverband Der Deutsche Industrie V.a.G.  Upon information and belief, BASF seeks coverage for the AFFF Suits under the following policies issued by HDI/Haftpflichtverband Der Deutsche Industrie V.a.G to Ciba:

| Policy Number | Policy Period |
|---|---|
| 10502 | 4/1/1978 – 4/1/1979 |
| 10502 | 4/1/1979 – 4/1/1980 |
| 10502 | 4/1/1980 – 4/1/1981 |
| 10502 | 4/1/1981 – 4/1/1982 |
| 10502 | 4/1/1982 – 4/1/1983 |
| 10502 | 4/1/1983 – 4/1/1984 |
| 10502 | 4/1/1984 – 4/1/1985 |
| 10502 | 4/1/1985 – 4/1/1986 |

21.    HDI Global SE is an international insurance company organized under the laws of Germany with its principal place of business in Germany.  HDI Global SE is the successor in interest to Gerling-Konzern Allgemeine Versicherungs-Aktiengesellschaft ("Gerling").  Gerling issued various excess insurance policies to Ciba-Geigy Corporation that were in effect from April

7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

1, 1976 to April 1, 1986. Upon information and belief, BASF seeks coverage for the AFFF Suits

under the following policies issued by Gerling to Ciba:

| Policy Number | Policy Period |
|---|---|
| 10502-B | 4/1/1976 – 4/1/1977 |
| 49/99/6148/01 | 4/1/1977 – 4/1/1978 |
| 49/99/6148/01 | 4/1/1978 – 4/1/1979 |
| 10502-B | 4/1/1979 – 4/1/1980 |
| 10502-B | 4/1/1980 – 4/1/1981 |
| 10502-B | 4/1/1981 – 4/1/1982 |
| 10502-B | 4/1/1982 – 4/1/1983 |
| 10502-B | 4/1/1983 – 4/1/1984 |
| 10502-B | 4/1/1984 – 4/1/1985 |
| 10502-B | 4/1/1985 – 4/1/1986 |

22.     ACE American Insurance Company ("ACE") is a Pennsylvania corporation with

its principal place of business in Pennsylvania. ACE issued a "claims-made" insurance policy,

HDO G23733298, to Ciba Corporation that was in effect from December 31, 2007 to December

31, 2008.  Upon information and belief, BASF seeks coverage for the AFFF Suits under this policy.

23.     Travelers Casualty and Surety Company (f/k/a Aetna Casualty and Surety

Company) ("Travelers") is a Connecticut corporation with its principal place of business in

Connecticut.  Travelers' predecessor, Aetna Casualty and Surety Company ("Aetna C&S") issued

various excess insurance policies to Ciba-Geigy Corporation that were in effect from April 1, 1976

to April 1, 1986.  Upon information and belief, BASF seeks coverage for the AFFF Suits under

the following policies issued by Aetna C&S to Ciba:

| Policy Number | Policy Period |
|---|---|
| 01 XN 999 WCA | 4/1/1976 – 4/1/1977 |
| 01 XN 1001 WCA | 4/1/1976 – 4/1/1977 |
| 01 XN 1311 WCA | 4/1/1977 – 4/1/1978 |
| 01 XN 1313 WCA | 4/1/1977 – 4/1/1978 |
| 01 XN 1771 WCA | 4/1/1978 – 4/1/1979 |
| 01 XN 2167 WCA | 4/1/1979 – 4/1/1980 |
| 01 XN 2585 WCA | 4/1/1980 – 4/1/1981 |
| 01 XN 2993 WCA | 4/1/1981 – 4/1/1982 |
| 01 XN 3351 WCA | 4/1/1982 – 4/1/1983 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1    Case 1:24-cv-01684-CM   Document 1-1   Filed 03/05/24   Page 12 of 28    RECEIVED NYSCEF: 03/04/2024

| 01 XN 3687 WCA | 4/1/1983 – 4/1/1984 |
| 01 XN 4124 WCA | 4/1/1984 – 4/1/1985 |
| 01 XN 4868 WCA | 4/1/1985 – 4/1/1986 |

24.     Upon information and belief, Allianz Global Risks US Insurance Company ("Allianz Global") is a corporation organized under the laws of the state of Illinois, with its principal place of business located in the state of Illinois. Allianz Global is the successor-in-interest to those Policies issued by Fireman's Fund Insurance Company ("Fireman's Fund"). Fireman's Fund issued excess insurance policies, 10502, to Ciba-Geigy Corporation that were in effect during the periods of April 1, 1976 to April 1, 1977 and April 1, 1977 to April 1, 1978.  Upon information and belief, BASF seeks coverage for the AFFF Suits under these policies.

25.     First State Insurance Company ("First State") is a Connecticut corporation with its principal place of business in Massachusetts.  First State issued an excess insurance policy, 922781, to Ciba-Geigy Corporation that was in effect during the period of April 1, 1976 to April 1, 1977.  Upon information and belief, BASF seeks coverage for the AFFF Suits under this policy.

26.     AIU Insurance Company ("AIU") is a New York corporation with its principal place of business in New York.  AIU issued various excess insurance policies to Ciba-Geigy Corporation that were in effect from April 1, 1976 to April 1, 1985. Upon information and belief, BASF seeks coverage for the AFFF Suits under the following policies issued by AIU to Ciba:

| Policy Number | Policy Period |
| --- | --- |
| SCLE80993018 | 4/1/1976 – 4/1/1977 |
| SCLD80993240 | 4/1/1977 – 4/1/1978 |
| 75-1000082 | 4/1/1978 – 4/1/1979 |
| 75-101056 | 4/1/1979 – 4/1/1980 |
| 75-101945 | 4/1/1980 – 4/1/1981 |
| 75-102534 | 4/1/1981 – 4/1/1982 |
| 75-102682 | 4/1/1982 – 4/1/1983 |
| 75-102268 | 4/1/1983 – 4/1/1984 |
| 75-103789 | 4/1/1984 – 4/1/1985 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

27.     Munich Reinsurance America, Inc. (f/k/a American Re-Insurance Company) ("Munich Re") is a Delaware corporation with its principal place of business in New Jersey. Munich Re's predecessor, American Re-Insurance Company issued an excess insurance policy, M0691176, to Ciba-Geigy Corporation that was in effect during the period of April 1, 1976 to April 1, 1977.  Upon information and belief, BASF seeks coverage for the AFFF Suits under this policy.

28.     Lexington Insurance Company ("Lexington") is a Delaware corporation with its principal place of business in Massachusetts.  Lexington issued various excess insurance policies to Ciba-Geigy Corporation that were in effect from April 1, 1976 to April 1, 1977; April 1, 1978 to April 1, 1979; and April 1, 1980 to April 1, 1985.  Upon information and belief, BASF seeks coverage for the AFFF Suits under the following policies issued by Lexington to Ciba:

| Policy Number | Policy Period |
|---|---|
| GC5503026 | 4/1/1976 – 4/1/1977 |
| GC550326 | 4/1/1976 – 4/1/1977 |
| CN5511281 | 4/1/1978 – 4/1/1979 |
| CN5520301 | 4/1/1980 – 4/1/1981 |
| CN5522173 | 4/1/1981 – 4/1/1982 |
| CN5523810 | 4/1/1982 – 4/1/1983 |
| CN5525208 | 4/1/1983 – 4/1/1984 |
| CN5526319 | 4/1/1984 – 4/1/1985 |

29.     Allstate Insurance Company (as successor-in-interest to Northbrook Excess and Surplus Insurance Company) ("Allstate") is an Illinois corporation with its principal place of business in Illinois.  Allstate's predecessor, Northbrook Excess and Surplus Insurance Company ("Northbrook") issued various excess insurance policies to Ciba-Geigy Corporation that were in effect from April 1, 1976 to April 1, 1983.  Upon information and belief, BASF seeks coverage for the AFFF Suits under the following policies issued by Northbrook to Ciba:

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

| Policy Number | Policy Period |
|---|---|
| 63-001-845 | 4/1/1976 – 4/1/1977 |
| 63-002-959 | 4/1/1977 – 4/1/1978 |
| 63-004-325 | 4/1/1978 – 4/1/1979 |
| 63-005-611 | 4/1/1979 – 4/1/1980 |
| 63-006-604 | 4/1/1980 – 4/1/1981 |
| 63-007-791 | 4/1/1981 – 4/1/1982 |
| 63-08-651 | 4/1/1982 – 4/1/1983 |

30.     Upon information and belief, AXA Group AG ("AXA AG") is a corporation organized under the laws of Germany, with its principal place of business located in Cologne, Germany.  AXA AG is the successor-in-interest to those Policies issued by Colonia Versicherung Aktiengesellschaft ("Colonia").  Colonia issued various excess insurance policies to Ciba-Geigy Corporation that were in effect from April 1, 1977 to April 1, 1986.  Upon information and belief, BASF seeks coverage for the AFFF Suits under the following issued by Colonia to Ciba:

| Policy Number | Policy Period |
|---|---|
| 10502 | 4/1/1977 – 4/1/1978 |
| 10502-B | 4/1/1978 – 4/1/1979 |

31.     AXA Insurance Company ("AXA Company") is a corporation organized under the laws of the state of New York, with its principal place of business located in the state of New York.  AXA Company is the successor-in-interest to those Policies issued by Colonia Insurance Company.  Upon information and belief, BASF seeks coverage for the AFFF Suits under the following policies issued by Colonia Insurance Company to Ciba:

| Policy Number | Policy Period |
|---|---|
| 10502-B | 4/1/1979 – 4/1/1980 |
| 10502-B | 4/1/1980 – 4/1/1981 |
| 10502-B | 4/1/1981 – 4/1/1982 |
| 10502-B | 4/1/1982 – 4/1/1983 |
| 10502 | 4/1/1983 – 4/1/1984 |
| 10502 | 4/1/1984 – 4/1/1985 |
| 10502 | 4/1/1985 – 4/1/1986 |

11

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

32.    Zurich International (Bermuda) Limited ("Zurich International") is an international insurance company organized under the laws of Bermuda with its principal place of business in Bermuda.  Zurich International issued excess insurance policies, 1RDSR4084, that was in effect during the period of April 1, 1977 to April 1, 1978, and excess policy ZIB-72678-85-C, that was in effect during the period of April 1, 1985 to April 1, 1986, to Ciba-Geigy Corporation.   Upon information and belief, BASF seeks coverage for the AFFF Suits under the foregoing and under the following policies allegedly issued by or subscribed to by Zurich International and/or Zurich Insurance Company with respect to Ciba:

| Policy Number | Policy Period |
|---|---|
| 10502 | 4/1/1977 – 4/1/1978 |
| 10502 | 4/1/1981 – 4/1/1982 |
| 10502 | 4/1/1982 – 4/1/1983 |
| 10502 | 4/1/1983 – 4/1/1984 |
| 10502 | 4/1/1984 – 4/1/1985 |
| 10502 | 4/1/1985 – 4/1/1986 |

33.    Upon information and belief, Allianz Versicherungs-AG ("Allianz AG") is a corporation organized under the laws of Germany, with its principal place of business located in Munich, Germany. Allianz AG is the same entity as, or successor-in-interest to those Policies issued by, Allianz Versicherungs-Aktiengesellschaft.  Allianz AG issued various excess insurance policies to Ciba-Geigy Corporation that were in effect from April 1, 1977 to April 1, 1986.  Upon information and belief, BASF seeks coverage for the AFFF Suits under the following policies issued by Allianz AG to Ciba:

| Policy Number | Policy Period |
|---|---|
| 10502 | 4/1/1977 – 4/1/1978 |
| 10502-B | 4/1/1978 – 4/1/1979 |
| 10502-B | 4/1/1979 – 4/1/1980 |
| 10502-B | 4/1/1980 – 4/1/1981 |
| 10502-B | 4/1/1981 – 4/1/1982 |
| 10502-B | 4/1/1982 – 4/1/1983 |
| 10502-B | 4/1/1983 – 4/1/1984 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

| | |
|---|---|
| 10502-B | 4/1/1984 – 4/1/1985 |
| 10502-B | 4/1/1985 – 4/1/1986 |

34.     Everest Reinsurance Company (f/k/a Prudential Reinsurance Company) ("Everest") is a Delaware corporation with its principal place of business in New Jersey. Everest's predecessor, Prudential Reinsurance Company ("Prudential Re") issued various excess insurance policies to Ciba-Geigy Corporation that were in effect from April 1, 1976 to April 1, 1979.  Upon information and belief, BASF seeks coverage for the AFFF Suits under the following policies issued by Prudential Re to Ciba:

| Policy Number | Policy Period |
|---|---|
| DXC901094 | 4/1/1976 – 4/1/1977 |
| DXC901094 | 4/1/1976 – 4/1/1977 |
| DXCDX0204 | 4/1/1977 – 4/1/1978 |
| DXCDX0204 | 4/1/1978 – 4/1/1979 |

35.     TIG Insurance Company, as successor-in-interest by merger of Mt. McKinley Insurance Company (f/k/a Gibraltar Casualty Company) ("TIG") is a corporation organized under the laws of the state of California, with its principal place of business located in the state of New Hampshire. Upon information and belief, Mt. McKinley (f/k/a Gibraltar Casualty Company) merged into Clearwater Insurance Company, who in turn merged into TIG.  Gibraltar Casualty Company ("Gibraltar") issued various excess insurance policies to Ciba-Geigy Corporation that were in effect from April 1, 1979 to April 1, 1985.  Upon information and belief, BASF seeks coverage for the AFFF Suits under the following policies issued by Gibraltar to Ciba:

| Policy Number | Policy Period |
|---|---|
| GMX00091 | 4/1/1979 – 4/1/1980 |
| GMX00523 | 4/1/1980 – 4/1/1981 |
| GMX01136 | 4/1/1981 – 4/1/1982 |
| GMX01654 | 4/1/1982 – 4/1/1983 |
| GMX02186 | 4/1/1983 – 4/1/1984 |
| GMX02611 | 4/1/1984 – 4/1/1985 |

13

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

36.    Twin City Fire Insurance Company ("Twin City") is an Indiana corporation with its principal place of business in Connecticut.  Upon information and belief, BASF seeks coverage for the AFFF Suits under the following policies issued by Twin City to Ciba:

| Policy Number | Policy Period |
|---|---|
| 10502 | 4/1/1982 – 4/1/1983 |
| 10502 | 4/1/1983 – 4/1/1984 |
| 10502 | 4/1/1984 – 4/1/1985 |
| 10502 | 4/1/1985 – 4/1/1986 |

37.    New England Reinsurance Corporation ("New England Re") is a Connecticut corporation with its principal place of business in Massachusetts.  New England Re issued an excess insurance policy, 000051, to Ciba-Geigy Corporation that was in effect during the period of April 1, 1984 to April 1, 1985.  Upon information and belief, BASF seeks coverage for the AFFF Suits under this policy.

38.    National Casualty Company ("National Casualty") is an Ohio corporation with its principal place of business in Ohio.  National Casualty issued an excess insurance policy, XU000243, to Ciba-Geigy Corporation that was in effect during the period of April 1, 1985 to April 1, 1986.  Upon information and belief, BASF seeks coverage for the AFFF Suits under this policy.

39.    Employers Mutual Casualty Company ("Employers") is a corporation organized under the laws of the state of Iowa, with its principal place of business located in the state of Iowa.  Upon information and belief, BASF seeks coverage for the AFFF Suits under the following policies issued by Employers to Ciba:

| Policy Number | Policy Period |
|---|---|
| 10502 | 4/1/1978 – 4/1/1979 |
| 10502 | 4/1/1979 – 4/1/1980 |
| 10502 | 4/1/1980 – 4/1/1981 |
| 10502 | 4/1/1981 – 4/1/1982 |

14

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

40.     Granite State Insurance Company ("Granite") is a corporation organized under the laws of the state of Illinois, with its principal place of business located in the state of New York. Upon information and belief, BASF seeks coverage for the AFFF Suits under the following policies issued by Granite to Ciba:

| Policy Number | Policy Period |
|---|---|
| 10502 | 4/1/1976 – 4/1/1977 |
| 10502 | 4/1/1978 – 4/1/1979 |
| 10502 | 4/1/1979 – 4/1/1980 |
| 10502 | 4/1/1980 – 4/1/1981 |
| 10502 | 4/1/1981 – 4/1/1982 |
| 10502 | 4/1/1982 – 4/1/1983 |
| 10502 | 4/1/1983 – 4/1/1984 |
| 10502 | 4/1/1984 – 4/1/1985 |

41.     Insurance Company of the State of Pennsylvania ("ICOSP") is a corporation organized under the laws of the state of Illinois, with its principal place of business located in the state of New York. Upon information and belief, BASF seeks coverage for the AFFF Suits under the following policies issued by ICOSP to Ciba:

| Policy Number | Policy Period |
|---|---|
| 10502 | 4/1/1976 – 4/1/1977 |
| 10502 | 4/1/1977 – 4/1/1978 |

42.     Interstate Fire & Casualty Company ("Interstate") is a corporation organized under the laws of the state of Illinois, with its principal place of business located in the state of Illinois. Interstate issued an excess insurance policy, 10502, to Ciba-Geigy Corporation that was in effect during the period of April 1, 1976 to April 1, 1977. Upon information and belief, BASF seeks coverage for the AFFF Suits under this policy.

43.     National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is a corporation organized under the laws of the state of Pennsylvania, with its principal place of

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

business located in the state of New York. Upon information and belief, BASF seeks coverage for the AFFF Suits under the following policies issued by National Union to Ciba:

| Policy Number | Policy Period |
|---|---|
| 10502 | 4/1/1976 – 4/1/1977 |
| 10502 | 4/1/1977 – 4/1/1978 |
| 10502 | 4/1/1978 – 4/1/1979 |
| 10502 | 4/1/1979 – 4/1/1980 |
| 10502 | 4/1/1980 – 4/1/1981 |
| 10502 | 4/1/1981 – 4/1/1982 |
| 10502 | 4/1/1982 – 4/1/1983 |
| 10502 | 4/1/1983 – 4/1/1984 |
| 10502 | 4/1/1984 – 4/1/1985 |

44.     RSA Insurance Group Limited ("RSA") is a corporation organized under the laws of England and Wales, with its principal place of business located in London, England. RSA is the successor-in-interest to those Policies issued by Royal Insurance. RSA/Royal Insurance issued an excess insurance policy, 10502, to Ciba-Geigy Corporation that was in effect during the period of April 1, 1984 to April 1, 1985. Upon information and belief, BASF seeks coverage for the AFFF Suits under this policy.

45.     Westport Insurance Corporation ("Westport") is a corporation organized under the laws of the state of Missouri, with its principal place of business located in the state of Missouri. Westport is the successor-in-interest to those Policies issued by Manhattan Fire & Marine, and Puritan Insurance Company. Upon information and belief, BASF seeks coverage for the AFFF Suits under the following policies issued by Westport/Manhattan Fire & Marine/Puritan Insurance Company to Ciba:

| Policy Number | Policy Period |
|---|---|
| 10502 | 4/1/1976 – 4/1/1977 |
| 10502 | 4/1/1977 – 4/1/1978 |

46.     JOHN DOE INSURERS 1 – 50 are fictitious entities that represent unknown insurance companies that may have issued insurance policies to Ciba and/or BASF under which

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

BASF presently seeks coverage for the AFFF Suits and, as such, are relevant to these proceedings and will be added to this action upon discovery of their existence.

## JURISDICTION AND VENUE

47.     Jurisdiction in this Court is proper under CPLR § 3001, all other applicable provisions of the CPLR, and the New York State Insurance Law § 1213 because Plaintiffs, London Insurers, subscribed to their own several share of the London Policies, which were delivered to Ciba's New York address.

48.     Ciba, during the relevant time period, retained the New York County-based broker, Marsh & McLennan, Inc., who maintained an office at 1221 Avenue of the Americas, New York, N.Y. 10020, in connection with the negotiating and obtaining some or all of the London Policies.

49.     Ciba, during the relevant time period, maintained its headquarters in New York.

50.     The insurance policies were delivered to Ciba at its New York headquarters.

51.     An actual controversy exists between Plaintiffs and BASF and the insurer defendants with respect to the matters described herein. The matter is ripe for adjudication.

52.     Venue is proper pursuant to CPLR § 503(a) because a substantial part of the events or omissions giving rise to the claim occurred in New York County with the placement of the subject insurance policies and defendants Granite, AIU, ICOSP, and AXA Company, *inter alia*, maintain a principal place of business in New York County.

## THE UNDERLYING AFFF SUITS

53.     Defendant BASF, individually, and as alleged successor-in-interest of Ciba, has been named as a defendant in thousands of AFFF Suits which involve claims of bodily injury and property damage brought by individuals, private entities, and state and local government entities, claiming injury from exposure to pollution that was caused by the release of hazardous substances

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

into the environment from or in connection with products that were manufactured, produced, sold, or distributed by BASF/Ciba.

54.     Based upon information and belief, Ciba's AFFF product, Lodyne, was first approved by the U.S. Military for use in accordance with Military Specifications after April 1, 1976.  Upon further information and belief, Ciba began selling its Lodyne product after this date for use in AFFF.

55.     Certain AFFF Suits allege property damage to the groundwater of New York was caused by the release of pollutants into the environment from Lodyne-containing AFFF. Claimants include various state and local governmental entities, private entities, and private well owners who allege contamination of the water supply and the need to remediate, as well as homeowners' claims of their property's diminution in value.

56.     One example is the *Town of Islip, New York v. 3M Company et al.* lawsuit, which was filed in the Supreme Court of Suffolk County and subsequently removed to the Eastern District of New York (and then transferred to the AFFF Multi-District Litigation ("MDL") venued in the District of South Carolina (Case No. 2:21-cv-01915-RMG)). BASF Corporation is a named defendant in *Town of Islip* and according to the complaint, the Town of Islip's drinking water supply was polluted by the defendants' AFFF chemicals and such pollution is a substantial causative factor in the Town's damages.

57.     Another example is the *Collart, et al. v. The Port Authority of New York and New Jersey et al.* litigation originally filed in the Supreme Court of Orange County, New York (Index No. EF001977-2022), and removed to the Southern District of New York (Case No. 7:22-cv-04234-KMK) (and subsequently transferred to the AFFF MDL). According to the complaint, the individual *Collart* plaintiffs allege that Ciba's AFFF product was used, stored, discharged and

18

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

20 of 26

released at Stewart International Airport and Stewart Air National Guard Base, which polluted the City of Newburgh's drinking water supply, and as a result the plaintiffs were exposed to the contaminated water and suffered bodily injuries.

58.     A third example is *Gentile, et al. v. The 3M Company*, *et al.,* 1:20-cv-2344-NAM-RLM (E.D.N.Y.) (transferred to the AFFF MDL), a class-action suit brought against various defendants connected to AFFF Chemicals, including BASF. The *Gentile* complaint alleges that BASF, among others, designed, manufactured, marketed, distributed, and sold fluorosurfactants containing perfluorooctane sulfonic acid ("PFOS"), perfluorooctanoic acid ("PFOA"), and/or their chemical precursors for use in AFFF products that were stored, handled, used, trained with, tested equipment with, otherwise discharged, and/or disposed of by the firefighter plaintiffs.

59.     The *Gentile* complaint further alleges that AFFF was used by New York firefighters during fire protection, training, and response activities, and as a result the AFFF was released into the surrounding air, soil and ground water at fire departments, fire training centers, *inter alia*, causing contamination of water supplies and/or bodily injury to the firefighter plaintiffs.

## THE LONDON POLICIES

60.     The 1976 – 1986 London Policies contain the "Industries, Seepage, Pollution and Contamination Clause No. 3" pollution exclusion, also referred to as "N.M.A. 1685."

61.      The N.M.A. 1685 provides:

This Insurance does not cover any liability for:

(1)     Personal Injury or Bodily Injury or loss of, damage to, or loss of use of property directly or indirectly caused by seepage, pollution or contamination, provided always that this Paragraph (1) shall not apply to liability for Personal Injury or Bodily Injury or loss of or physical damage to or destruction of tangible property, or loss of use of such property damaged or destroyed, where such seepage, pollution or contamination is caused by a sudden, unintended and unexpected happening during the period of this Insurance.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

(2)     The cost of removing, nullifying or cleaning-up seeping, polluting or contaminating substances unless the seepage, pollution or contamination is caused by a sudden, unintended and unexpected happening during the period of this Insurance.

(3)     Fines, penalties, punitive or exemplary damages.

62.     The N.M.A. 1685 pollution exclusion excludes coverage for the AFFF Suits for which BASF is seeking coverage under the London Policies.

63.     The London Policies are excess policies that only provide indemnity for "Occurrences" that result in personal injury/bodily injury and/or property damage that arise during the subject policy period and result in liability imposed by law or assumed by contract.

64.     The London Policies define "Occurrence," in pertinent part, as:

The term "Occurrence", wherever used herein, shall mean an accident or a happening or event or a continuous or repeated exposure to conditions which unexpectedly and unintentionally results in personal injury, property damage or advertising liability during the policy period. All such exposure to substantially the same general conditions existing at or emanating from one premises location shall be deemed one occurrence.

65.     The AFFF Suits assert claims against BASF that do not constitute an "Occurrence" as defined by the London Policies.

66.     For covered claims, the London Policies provide indemnity reimbursement for "Ultimate Net Loss" liability in excess of the limits of the underlying insurance policies and self-insured retentions in respect of each occurrence not covered by said underlying amounts.

67.     The London Policies define "Ultimate Net Loss" as:

The term "Ultimate Net Loss" shall mean the total sum which the Assured, or his Underlying Insurers as scheduled, or both, become obligated to pay by reason of personal injuries, property damage or advertising liability claims, either through adjudication or compromise, and shall also include hospital, medical and funeral charges and all sums paid as salaries, wages, compensations, fees, charges and law costs, premiums on attachment or appeal bonds, interest, expenses for doctors, lawyers, nurses and investigators and other persons, and for litigation, settlement, adjustment and investigation of claims and suits which are paid as a consequence

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

of any occurrence covered hereunder, excluding only the salaries of the Assured's or of any underlying insurers permanent employees.

The Underwriters shall not be liable for expenses as aforesaid when such expenses are included in other valid and collectible insurance.

68.    BASF's defense costs incurred in defending the AFFF Suits are not recoverable "Ultimate Net Loss" costs under the London Policies.

69.    The London Policies contain an "Other Insurance" provision that expressly conditions the London Insurers' obligations to reimburse the policyholder for indemnity costs and expenses only when there is no "other valid and collectible insurance" for the loss.

70.    The "Other Insurance" condition expressly states that if there is "other valid and collectible insurance" for the loss, the London Policies "shall be in excess of . . . such other insurance," and "shall not contribute with such other insurance."

71.    The "Other Insurance" provision states:

If other valid and collectible insurance with any other insurer is available to the Assured covering a loss also covered by this policy, other than insurance that is specifically stated to be excess of this policy, the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance. Nothing herein shall be construed to make this policy subject to the terms, conditions and limitations of other insurance.

72.    Upon information and belief, BASF has "other valid and collectible insurance" to cover its AFFF Suits defense and future indemnity costs.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment against BASF)

73.    The London Insurers repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 – 72 as if fully set forth herein.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

74.     The London Insurers have no obligation to BASF to pay its defense or indemnity costs under the terms and conditions of the London Policies with regard to the AFFF Suits at issue in this matter.

75.     An actual controversy exists between BASF and the London Insurers as to whether the terms of the policies subscribed to by the London Insurers in favor of Ciba-Geigy Corporation require the London Insurers to indemnify BASF for its defense costs against the AFFF Suits that have been asserted against BASF.

76.     In particular, the London Policies do not require that the London Insurers indemnify BASF with respect to the AFFF Suits for at least the following reasons:

a.   BASF (or any other related entity seeking coverage under the London Policies) may not qualify as an insured and/or does not have rights to coverage under the London Policies;

b.   BASF and/or Ciba failed to comply with the terms and conditions of the London Policies;

c.   The AFFF Suits asserted against BASF fall within the terms of exclusions contained in the London Policies, including, without limitation, the pollution exclusion;

d.   The AFFF Suits do not involve "property damage" or "bodily injury" caused by an "occurrence" during the policy periods as required by the London Policies;

e.   There is no coverage for any damages that were expected or intended by BASF/Ciba;

f.   There is no coverage for damages caused by aviation products under the London Policies; and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

  g. BASF's claims for damages do not constitute "Ultimate Net Loss" liability as defined by the London Policies in excess of Self Insured Retentions, primary insurance, and other insurance.

77. An actual and justiciable controversy exists between the parties with respect to the AFFF Suits sufficient for this Court, pursuant to CPLR § 3001, to issue declaratory relief and declare the rights and obligations of the parties under the London Policies. Declaratory relief is an appropriate means of resolving this controversy before any further disputes, claims, harms, or injuries arise.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment against The Insurer Defendants)

78. The London Insurers repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 - 77 as if fully set forth herein.

79. The London Insurers have no obligation to BASF or any other party seeking insurance coverage under the London Policies with regard to the AFFF Suits at issue in this matter.

80. The London Insurers seek a declaration that they owe no coverage to BASF or any other party seeking insurance coverage under policies allegedly subscribed to by the London Insurers with regard to the AFFF Suits.

81. To the extent the Court determines that the London Insurers have any obligation to indemnify BASF for any of the AFFF Suits, the London Insurers seek a declaration that any such obligation would be limited by and/or reduced by the duties and obligations of the defendant insurers to contribute their equitable share of the indemnity costs and be subject to the London Insurers' subrogation rights.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## RELIEF REQUESTED

**WHEREFORE**, the Plaintiffs, Certain Underwriters at Lloyd's London and Certain London Market Insurance Companies, request that the Court grant the following relief by entering an Order:

    a.   Declaring that there is no coverage available to BASF for the AFFF Suits under the London Policies;

    b.   Declaring that BASF has not complied with the conditions precedent contained in the London Policies and thus it has no right to coverage for the AFFF Suits;

    c.   Declaring in favor of the London Insurers and as against BASF that the exclusions in the London Policies, including but not limited to the pollution exclusion and the aviation products exclusion, among others, preclude coverage for BASF's AFFF Suits;

    d.   Awarding the London Insurers' attorney's fees and costs pursuant to law; and

    e.   Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
March 4, 2024

MENDES & MOUNT LLP

By: _____

Matthew B. Anderson
Alexander M. Tait
750 Seventh Avenue
New York, New York 10019
(212) 261-8000
*Attorneys for Plaintiffs*
*Certain Underwriters at Lloyd's, London,*
*and Certain London Market Insurance*
*Companies*

24

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

# EXHIBIT A

| Certain London Market Insurance Companies |
| --- |
| Catalina Worthing Insurance Ltd. F/K/A HFPI (As Part VII Transferee of Excess Insurance Company Ltd. and/or London & Edinburgh Insurance Company (as Successor to London & Edinburgh General Insurance Company Ltd.), |
| Cavello Bay Reinsurance Limited As Successor To The Interests Of Harper Insurance Limited (Formerly Known As Turegum Insurance Company) And As Successor To The Interests Of Brittany Insurance Company Limited |
| Darag Deutschland AG, Formerly Known As Darag Deutsche Versicherungs-Und Rückversicherungs-AG, As Successor In Interest To AG Insurance SA/NV, Formerly Known As AG De 1830 Compagnie Belge |
| INSCO Ltd. in its own capacity and as successor to Britamco Ltd. |
| River Thames Insurance Company Limited In Its Own Right And As Legal Successor To (1) Unionamerica Insurance Company Limited (As Statutory Successor In Interest To Certain Business Of St. Paul Insurance Company Limited Formerly Known As St. Paul International Insurance Company Limited And St. Katherine Insurance Company Plc) |
| Tenecom Limited (Formerly Known As Yasuda Fire & Marine Insurance Company (U.K.) Ltd And As Successor To Winterthur Swiss Insurance Company Formerly Known As Accident & Casualty Insurance Company Of Winterthur) |

| Certain Underwriters at Lloyd's, London | |
| --- | --- |
| Syndicate 190 | Syndicate 417 |
| Syndicate 199 | Syndicate 618 |
| Syndicate 278 | Syndicate 772 |
| Syndicate 365 | Syndicate 918 |

1

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.