

**Lynda A. Bennett**
Partner

1251 Avenue of the Americas
New York, New York 10020

T: (973) 597-6338
F: (973) 597-6339
E: lbennett@lowenstein.com

April 4, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
FILED: 4/8/2024

**VIA ECF**

The Hon. Colleen McMahon, U.S.D.J.
United States District Court Southern District of New York
500 Pearl Street, Room 24A
New York, New York 10007

Re:   *Certain Underwriters at Lloyd's, London v. BASF Corporation*,
      No. 1:24-cv-01684

Dear Judge McMahon:

Pursuant to Rule V(H) of Your Honor's Individual Practices and Procedures, Defendant BASF Corporation ("BASF"), as successor in interest to Ciba Corporation, respectfully submits this Letter Motion to address why service of the Complaint filed by Plaintiffs Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies (collectively, the "London Insurers") provides additional grounds for the Court to stay this action.

## INTRODUCTION

While the parties were in the midst of briefing their respective motions concerning the proper venue for this insurance recovery action to be heard, on March 26, 2024, the London Insurers served their Complaint on BASF. (ECF No. 18.) Thus, notwithstanding that BASF previously moved to stay its time to respond to the Complaint until the Judicial Panel on Multidistrict Litigation ("JPML") resolves whether this matter should be assigned to the Hon. Richard M. Gergel, U.S.D.J. as part of the pending multidistrict litigation proceeding captioned *In re Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2873 (the "AFFF MDL"), (ECF No. 9), technically, BASF's time to respond to the Complaint has begun to run. To

[Handwritten annotation: 4/8/2024 — I do NOT accept letter motion; BASF file Answer + time to respond complaint is held in abeyance until 30 days after a ruling by the JPML.]

The Hon. Colleen McMahon, U.S.D.J.                                            April 4, 2024
                                                                                                  Page 2

avoid any doubt that BASF does not have to respond to the merits of the Complaint by the current April 16, 2024 deadline. Fed. R. Civ. P. 81(c)(2)(A), BASF addresses the impact of the London Insurers serving the Complaint.

For the reasons BASF previously argued, this case should be transferred to the AFFF MDL given the overlapping issues between the proceedings. But even if the JPML does not follow the Conditional Transfer Order ("CTO") the Panel Clerk entered finding that transfer is appropriate, BASF will move to dismiss the Complaint under Rule 12(b), or, alternatively, for transfer to the District of South Carolina pursuant to 28 U.S.C. § 1404 where the prior insurance recovery action BASF filed on February 27, 2024 against the majority of insurers that are parties to this action is pending before Judge Gergel (the "First Filed Action"). Unlike BASF's previous motions which go to establishing why the Court has subject matter jurisdiction over this action and why deference to the JPML on the question of venue is warranted, (ECF Nos. 10, 23), the Court cannot rule on BASF's potential motion to dismiss or transfer unless: (i) the JPML elects not to transfer this action to the AFFF MDL; and (ii) this Court confirms that it has subject matter jurisdiction.

For these additional reasons, and as discussed further below, the Court should stay BASF's time to respond to the Complaint.

## LEGAL ARGUMENT

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). In considering whether to enter a stay, courts consider:

> (1) the private interests of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the



The Hon. Colleen McMahon, U.S.D.J.　　　　　　　　　　　　　　　　　　　April 4, 2024
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

> plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

Staying BASF's time to respond to the Complaint will promote judicial economy and preserve the parties' resources because it will allow the parties to delay briefing a motion that BASF likely will never have to file. In this action's current posture, BASF will not need to move to dismiss the Complaint or for transfer to the District of South Carolina where the First Filed Action is pending if the JPML transfers this action to the AFFF MDL, as the JPML has preliminarily indicated it will do in its CTO. Moreover, even if the JPML were to assign this action to this Court, the Court cannot rule on BASF's potential motion to dismiss or transfer until after it determines that it has subject matter jurisdiction. *Compare Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) ("It is common for courts to stay an action pending a transfer decision by the JPML"), *with Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 715 (S.D.N.Y. 2007) ("When an action is removed from state court, the district court must initially determine whether it has subject matter jurisdiction over a plaintiff's claim before reaching the merits of a motion to dismiss, for summary judgment, or for other relief"), *and Levitt v. State of Maryland Deposit Ins. Fund Corp.*, 643 F. Supp. 1485, 1490 n.3 (E.D.N.Y. 1986) ("Federal courts must . . . find the existence of subject-matter jurisdiction before they may entertain a motion to transfer").

Thus, without a stay, the parties needlessly will have to prepare their respective memoranda addressing BASF's substantive response to the Complaint prior to the JPML and Judge Gergel, or potentially this Court, ruling on the multiple threshold jurisdictional motions concerning whether



The Hon. Colleen McMahon, U.S.D.J.                                      April 4, 2024
                                                                        Page 4

this action belongs in the AFFF MDL or some other forum. Depending on the rulings entered by those tribunals, any substantive response to the Complaint that BASF files in this action may be moot. The Court therefore should conserve party resources by staying BASF's time to respond to the Complaint until those issues are resolved. Granting a stay will not prejudice the London Insurers because they too will benefit from conserving the time and resources necessary to brief BASF's potentially unnecessary motion.

## CONCLUSION

For the forgoing additional reasons, BASF's time to respond to the Complaint should be stayed.

Respectfully submitted,

*s/ Lynda A. Bennett*

Lynda A. Bennett

B1004/164
4/4/24 215926429.1

cc:     Counsel of record *(via ECF)*

